Jackson v. Specialized Loan Services, LLC. Mr. Lay, before we begin, I want to say that your complaint is the worst pleading I have seen in 50 years on the bench. Fifty. You filed an incomprehensible complaint. Both parties, both sides, I'll put it that way, Bank of America and the other defendants, moved for a more definite statement. In a more definite statement, they told you, they cited to all of the cases of this circuit that govern the sort of pleading you filed. They said we can't respond to the complaint, and they couldn't. They couldn't frame a response of pleading. You agreed that a more definite statement needed to be filed, and you turned around and filed one just as bad as the first one. One slight change, you put under the heading of the counts, you put in brackets a name of the defendant, but the body of the count included all of the defendants. And as a matter of fact, you really have one count in the complaint because you incorporated all of the counts into the last one, so it's an amalgamation. So there we are with a complaint that is almost incapable of understanding. The magistrate judge issued a 53-page order trying to unscramble it, and in a sort of a backhanded way, repled your complaint as the magistrate judge saw it. And so here we are. Yes, sir. And you keep Bank of America in this case, and you haven't got any allegation at all for Bank of America. You ought to be sanctioned for that. Now, with that said, you tell us why we should reverse the district court. Judge, first I would say that the Bank of America, we reached a settlement. They're not part of the case. But they're in the Notice of Appeal. I know they haven't filed a brief, but they're in the Notice of Appeal. You appealed almost everything you could appeal in this case. Judge, my recollection... You've been practicing 25 years. Yes. You went to fine Alabama Law School. You've been in the federal courts a lot. And you give us this. This is offensive to this court, offensive to the district court, and to this court. You tell us the basis for Bank of America's liability. I don't recall that we appealed Bank of America for the Notice of Appeal. Well, you did. Well, you put them in both complaints, and you did appeal the disposal of orders, but we'll let it go at that. Okay. Judge, we, first off, and I'm sorry that you feel the way you do about the complaint, and I'm sure it could have been written better. If we sent that complaint back to your law school, the professors would have a heart attack watching it. Well, Judge... You agreed that the first complaint was incomprehensible. You agreed with that, and that a more definite statement had to be granted. And it was ordered, and you did the same thing over again. I would just say, Your Honor, that we've used a similar complaint in other courts, and it has not been a problem. Well, because you got away with it. Your problem is now you're before a panel that can't understand what you got. We'd have to redraft your complaint for you. We'd have to take each count and figure out which defendant is sued in this count, and on the basis of what? There's only one document attached to all the whole works, and that's the initial mortgage and note. We don't have any basis of knowing what contractual relationships existed after that. Well... And you don't have any, do you? I don't have any what? Any documents that would establish a contractual relationship between your clients and some of the defendants. Well, Judge, with all due respect, that's almost a ridiculous statement, because they attached the foreclosure deed to the... Well, I know they attached it, but you didn't, and you had the burden of doing it. Well, I don't think we're required to attach a document. We can discuss it in the complaint. Well, there's the foreclosure deed, but nothing else was there. We alleged in the complaint that the mortgage was assigned to SLS and to the Bank of New York Mellon. I don't know how it could be any clearer than that. Didn't you, in effect, question the validity of the assignment? Yes, and we always do that. As you, I'm sure, with the mortgage cases, are very aware that there's always issues of whether they have been properly assigned or not, and we have a right under federal law and state law to plead in the alternative, and that's what we did, and we do it in every case. So, you know, and I'm sorry, Judge, you feel this way, and you're making a personal attack on me, I feel like. I'm not making a personal attack on you. What I'm telling you is that when a lawyer files a document that requires a magistrate judge to spend 53 pages trying to figure out what you've alleged, that's offensive to the system. There are people standing in line waiting to be heard down there in the district court, and there's no way in the world that the magistrate judge could figure out what you were doing except to try to make your own case for you, and that's not the court's responsibility. Each count had named what defendant it applied to. At the top, and then each count says all defendants. Which refers back to those two. No, each count alleges that the defendants did such and such because you didn't change those allegations, and you brought them forward so that count two is count one and two, count three is count one, two, and three, and count 16 is counts one through 15, all in one count, all in one count. In their motions for more definite statement, they told you you couldn't do that, and you did it. You understand the concern and why the court still views this as a shotgun pleading. In every single count, you incorporate by reference the allegations in the preceding count. Yes, I know that that is an issue in federal court, and I can tell you that primarily the reason that is done because they are not disfavored in Alabama courts, and we use those complaints all of the time. It's never been an issue before. It is in federal court. Well, it is now, and you'll never do it again. I can tell you that. Yes, sir. And so you think the district court aired why, in a nutshell? Well, number one, I think they aired because the complaint that we have, at the very least, raises some allegations, particularly breach of contract. There was in the complaint, it did state that, you know, there is a mortgage. I mean, it's not that hard to figure out. There's a mortgage. There's a note. There's an allegation of a default. There's an assignment that we challenge and that it had been assigned. They don't disagree that it was assigned. They don't even argue that it wasn't. What's your breach of contract argument? The breach of contract had to do with the payments and whether there was default. Paragraph 22 of the mortgage itself allows you to bring an action to challenge. A default, an acceleration to raise defenses. The Alabama Supreme Court has spoken to this in a recent case that was my case, Turner, Ex parte Turner, from September the 1st of this year, about notice requirements, that foreclosures are invalid if they're not directly in line with what paragraph 22 says that the notice has to say. Your argument is that you didn't default, therefore they shouldn't have foreclosed on you. Yes. And I don't think it's wrong, and maybe I am wrong, but I understood that we can argue in the alternative and say we don't feel there is a breach of the contract. We also don't believe that these particular parties had the right to bring a foreclosure action. One of the things that the district court does, it basically says, it hints in a footnote, it admits that they believe there is a contract. He says that I did not talk about the assignments, but I did. So that's one thing I think the district court, if you look at the amended complaint, it plainly says that. Number two, if you follow the logic of the district court complaint, he says you can't have a wrongful foreclosure because they're following the contract, yet he says there's not a contract. So you cannot have it both ways. Either there isn't a contract, which would allow us to bring negligence and wantonness claims as well as wrongful foreclosure, or there is a contract, and I admit the Supreme Court has talked about some negligence and wantonness servicing is not applicable anymore that they address in their brief. But I also attached an order from the same district where I used the same general type complaint with Judge Steele where he denied motions to dismiss on the very same things. So, you know, I think it's pretty plain that they allege there is a contract. They foreclosed. We have a right to challenge it. If the district court order stands, then they're left with nothing. They can't challenge anything. There's been a foreclosure that was recorded while the litigation was ongoing. And if the district court order stands, we also filed to amend the complaint to address the issues in the report, which was denied, even though the scheduling order said we had until September 2nd to do that. So for all of those reasons, and frankly, I don't think the district court really looked at anything. They didn't address anything. I wrote a very specific objection detailing why I thought it was wrong. And all we got back was a rubber stamp, we've looked at it, and we don't see anything wrong. It's approved. And if there was a problem with the shotgun plea, obviously we could have gone back and fixed that. That's not substantive. That's procedural. How many chances do you get? Busy district courts, motion for definite statement, something comes back that, as Judge Joe Flatt says, just not complying, it's awful. How many shots do you get? Well, we had one, but I would also say some of the cases that they cited, you're supposed to have one after a motion to dismiss. Now, I realize that there was a motion for more definite statement here, and there were reasons that I won't get into about negotiations that we were going to agree on certain, you know, counts to go forward and not have to go through all this. And we did that with Bank of America. We weren't able to with the other folks. So, yes, I think we should have been given another opportunity to fix it if that was the problem. It's not substantive. It's procedural. And given that, you know, and I know the judge said, well, I got away with it, and I understand that, and that may be the case. Counsel, if that's the way cases are litigated in Alabama, then this circuit is in deep trouble, deep, deep trouble. And it accounts for what's happened in the district courts. They can't do all their business. And people stay away from the district court. Well, we filed. You read, I take it that you read every case they cited in the motion for a more definite statement. Yes, I did. And you did exactly what those cases said don't do. And you did it because you said to yourself, but it's different in Alabama. The district courts will accept these pleadings. No, I didn't. That's what you just, you told us that 15 minutes ago. I said that it's been accepted in other cases, but no. I understand that, but you read those cases that have told you not to plead the case like you pled it. Do you agree with that? It does talk about the shotgun-style pleadings, yes. You read those opinions as a good lawyer. Yes. Okay, and you realized that when you filed a more definite statement, you did the very same thing that they condemned you doing in the motion for a more definite statement. I suppose that's correct, Judge. Okay. You saved some rebuttal time. Thank you. Mr. Hebbs. Thank you, Your Honors. May it please the Court. Well, I'll say the first off, I think you all hit the nail on the head in terms of the problems with this complaint and the problem that this whole case has had from the outset. I do want to address first a couple of things that my esteemed colleague talked about. He talked about how pleading in the alternative, and I think this is important and something to really focus on because we don't disagree that you're allowed to plead in the alternative. We absolutely agree that you are. The problem here is that while in briefs that were filed in response to a motion to dismiss or on appeal, plaintiffs argue that they are pleading in the alternative and that they have the right to plead in the alternative. The problem is they did not actually do that in the amended complaint that was dismissed below, and that's a distinction that matters because when you are deciding on how to rule on a motion to dismiss and you are looking at the pleading, the pleading is what you need to consider.  Yes, Your Honor. The magistrate judge on pages four and five of the R&R in one paragraph laid out all of the facts, the material facts on which their claims are based. And what the magistrate judge said, it read the complaint as saying that they made all of their payments on time all the way through October of whatever it was in 2014. You rejected the payments and then turned around and foreclosed. So that's what they alleged. He alleged that as an officer of the court subject to Rule 11, that all the payments were made on time and you, after a while, you rejected them and then foreclosed. Yes, Your Honor. I'm not saying that that, but then are all these other counts which incorporate those facts. Yes, Your Honor. You're correct in saying that that was alleged in the pleading. And I think that is another reason that you are entirely correct to focus on the fact that this is a shotgun pleading. And this actually falls into multiple categories that this court has talked about. And what is a shotgun pleading? You know, the first and most common being when you incorporate all prior allegations from all prior counts. That is obviously the case here. It was the case here in every version of the complaint that was filed, including in the second amended complaint that was attached to the motion to amend that was ultimately denied. It also is a shotgun pleading because it asserts all of the claims indiscriminately against defendants, singular, plural at times, making it impossible to decipher to determine which defendant was the one that refused to accept a payment or which defendant refused to properly apply the payment. You can't tell this from the complaint itself because it never actually goes into detail to say Bank of America is the defendant that refused to accept the payment or SLS is the defendant. And this is a problem that, you know, is rampant throughout the pleading. And that's why when we got this and we reviewed it, we did exactly what this court has said for years. It said when you are faced with a shotgun pleading, you should move for a more definite statement. And that is exactly what we did. And in response to that, we've got an almost identical complaint filed in return. It had the exact same problems and, in fact, was pretty much copy and pasted from the one before with the sole difference being that certain headings, you know, purported to identify which claims that was asserted against. But then it alleged all defendants because it incorporated all the prior pleadings. That's correct, Your Honor. It alleged defendants in the plural. You're absolutely correct, Your Honor. That's right. And so even that attempt to cure the defect did not actually cure anything at all. The same defects remained. But here the magistrate judge did attempt to parse out the claims and, in effect, address substantively each of the claims. And, for example, with regard to the contract claim, the magistrate found that a contract did not lie with Bank of New York and SLS and the plaintiff. But then with regard to the unjust enrichment, the magistrate recommended dismissal of the unjust enrichment claim because it arose out of the contract. When the magistrate found that there was no such contract. So should the unjust enrichment claim properly lie? No, Your Honor, not the way it's currently pled. And the problem is that the amended complaint alleges very clearly that they dispute the voiding of the transfer. And that takes care of, you know, some of the reasons that the magistrate judge ruled in terms of the breach for contract claim. The problem with the unjust enrichment claim, and I'll say there are a few, one being that in their response brief to the motion to dismiss, they did not actually respond to any of the arguments that were made for dismissal. The other problem is that the unjust enrichment claim, it's impossible to tell who this is being asserted against in order to determine whether or not it is a defendant that could have a relationship with the contract and which one it could not have a relationship to the contract. Well, wasn't it alleged that with regard to SLS, that SLS as the servicer accepted payment of the fees and insurance proceeds? So, in fact, it had an allegation in the complaint as to SLS's actions. That's correct, Your Honor. It did allege that SLS and every other defendant collectively and indiscriminately collected payments and returned those payments. It did not allege that SLS specifically did so. It said defendants, plural. What it basically alleges in the unjust enrichment is that the defendants appropriated the property. They simply converted it somehow or another by operation of law by using the foreclosure mechanism. They just took it. I understand completely, Your Honor. I mean, the facts aren't alleged, but they're conclusory. But basically what's alleged is they made all their payments on time, et cetera, et cetera, et cetera, and you simply utilized the foreclosure mechanism and took the property. And with it, you took whatever else. Well, Your Honor, I would respectfully— With the exception that they're still living in it, aren't they? Yes, Your Honor. To our knowledge, they are. And I'll say in terms of the unjust enrichment claim, the other problem is— I mean, maybe they're unjustly enriched. I don't know. Well, Your Honor, they have not made a payment on this property since, let's see, it's been about three, two and a half years. And so—and even at that point, they were two years behind at that point. They're still living in the home. They're living in the home free. They're not making any payments, and they're still living in it. That's correct, Your Honor. And that appears to be their intention going forward. Yes, Your Honor. This case, in our mind, has been an attempt to delay the inevitable for quite some time. Well, you can do that if you file a complaint like this. That's exactly right, Your Honor. And that's one of the evils of a shotgun pleading that this Court has discussed in terms of numerous different evils wreaking havoc on the appellate courts and wasting scarce judicial resources. I did want to just address with the unjust enrichment claim very quickly. This is one of the problems that happens with a shotgun pleading, is if you view the allegations of the unjust enrichment claim, it is entirely based on the mortgage. It is referencing things that are required to be done under the mortgage. And it behooves me to understand why somebody who does not believe that they have any agreement with an entity would be paying them fees or taxes and just giving them their money. And that's one of the problems with the shotgun pleading here, is that you have no way of determining which defendant is which, and you're left trying to decipher it and trying to look at it. And in doing so, you just have to take it for what it says, and it's based entirely on the mortgage. I mentioned that this case is about delay, and I do want to just mention just a few things. The loan was originated back in 2006, and problems with payments occurred almost immediately. In 2014, there was... All of this is outside the complaint, but that's all right. Yes, sir. And it's not. It's just some background information. I understand. And so in 2014, after the loan was two years past due, there was a Chapter 13 bankruptcy filing. That was ultimately dismissed for failure to make payments, and foreclosure proceedings began again because obviously you have notices that need to be done. In response to that, you have then this case being filed and the pleading being filed in such a way as to... You're in effect saying that the allegation of the complaint that said they made all those payments on time, timely, that you simply took the property, are false. Yes, Your Honor, although for purposes of this motion to dismiss, we would accept them as true. No, you deny them. No, I understand. You're talking about in reality. In reality, absolutely. They're false. We accept them as true, yeah. We have no record whatsoever of any payments being rejected or... And we're traveling on the allegation of the complaint. All I'm saying is that you're saying that the reality is contrary to what's alleged. Absolutely, Your Honor. What you're also saying is if that's true, what you say in the complaint has made some rather dramatic assertions, there may be some issues in terms of sanctions in Rule 11 with those kinds of allegations. Yes, Your Honor, and that's something we considered as well and just, you know, out of abundance of caution. And, you know, attorneys, they don't really want to file things like that, and you would, you know, hope to avoid everything. And that's another reason that, you know, instead of moving for dismissal or for sanctions right out of the gate, we again did what this Court says to do and filed a motion for a more definite statement. And in response, we got the same thing over and over again, copy and paste. You saw it. Well, once the complaint was referred to the magistrate judge, you had no other alternative. The magistrate judge has no Article III power to take the scissors out and go through the complaint and throw away the extraneous allegations. Absolutely, Your Honor, which is also one of the evils of shotgun pleading is that, you know, one of the four types that's been discussed by this Court is including a bunch of irrelevant, immaterial, or conclusory allegations that kind of muddy the waters, and you definitely have that here as well. And I'll just close, Your Honors, with respect, and if you have any questions, I'd obviously want to address them. Just to say that, you know, we did what we thought we were supposed to do here, and every step of the way, including in the briefs filed on appeal, it's been the exact same thing over and over again. You can look at it and see that these are copied and pasted verbatim and sometimes moved in a different order. Sometimes, you know, one argument is first and another is second and vice versa, but there's never been a genuine attempt to address the problems that have been going on since this case was filed. I will refer you to our briefs. In terms of specific additional reasons for dismissal, we believe there are multiple reasons for dismissal for every claim, including, you know, failure to lodge proper objections to the magistrates R&R. You know, earlier my colleague said that they filed very specific objections. We agree. In the RESPA claim objection, for example, they stated a one-line statement of, we, the magistrate judge, erred in his report by finding that the plaintiffs have no claims based on RESPA. That is the entirety of the objection. And that's one example, but others exist as well. And we would just refer you to our briefs, and I'm here to answer any questions you might have. I think we understand your position. Yes, Your Honor. We understand your position. Thank you, Your Honor. Thank you, colleague. Mr. Lay. May it please the Court, judges. If you — I agree. We didn't make a specific objection to every single thing, because if we did, it would be very long. But if you look particularly at the one for the breach of contract, it's about three pages long and goes in quite detail. So to say that there weren't specific objections made, there were, particularly to the ones that we thought were the most important. If you look at the amended complaint, and I understand, Judge, your problem with the shotgun pleadings, and I'm not going to argue about that. Do you think the problem still exists with your proposed second amended complaint? We went back and addressed the stuff. Yes, it probably has some issues with it. I have to go back and look, but it could have. But, you know, we can redo it to adhere to the whatever. That was a proposed. Well, when you say adhere to whatever, the adhering to whatever would have been following the court's order, granting the motion for a more definite statement. Correct? Yes. And I guess maybe there was a fundamental misunderstanding about what needed to be done, and I apologize for that. But didn't you just tell Judge Joe Flatt that you read all of the cases? I did, I did, yes. So where was the fundamental misunderstanding? Well, as stated before, I think there was a fundamental disagreement about what meant a shotgun pleading. And what I thought the objection was, was that each count did not have specific parties that it was alleged against. That was primarily the argument in the original motion that I believe was filed by Bank of America. And in a 16-count complaint, when you incorporate by reference the allegations of all of the preceding counts, you don't believe that qualifies as a shotgun pleading? I do now know that it does, yes. You do now today? Yes. It's obvious based on the discussion that there is an issue with the court with that. And I understand that. We can understand our concern. It's more than procedural niceties, although niceties is not really the right word for this complaint. But the name of the game, I think, for folks trying to avoid foreclosure is delay. And we're concerned it's more than just an issue of competence, but that there's some strategic goal to keep filing these things that keep mucking up the system and slowing it down because every month you do that, your client's in a home for which he's not paying his mortgage. And so it's a troubling issue for us. Well, and I understand that, Judge. But as you're aware, and I'm sure you keep up with the news and everything that goes on in the world, and you've seen in other cases here, there are cases all over the country with problems with banks doing things. And one of the problems that we cited in here, if you look at the complaints. You know, if there's a problem, state it clearly and let's get to an answer. But muddying the waters doesn't get an answer from your client. Well, I assure you. How many complaints have you filed like this one? Like this one? Yes. You mean in federal court? In the United States District Court, how many complaints have you filed like this one? You say that they're acceptable in Alabama, so I assume in the Alabama District Court, so I assume you file a lot of them like this. Judge, I only said that I have filed them in other cases. I even attached one to the brief where it has not been an issue in the same district with a different judge. Oh, I understand. I understand. I just wonder how many have you filed? Well, all of these, I'd also note, were not filed in federal court. They were filed in state court and then later removed. That's another issue. I don't want the court to believe we just went in and filed this in federal court. I probably wouldn't have done that because it is different, and I know the pleadings and the standards and issues are different. Every one of these cases were filed in state court. Well, I know that, but then there was a motion for a more definite statement which told you exactly. We won't go back over that. Well, I obviously made an error in that, but I would beg the indulgence of the court and not to punish my client if it is my fault. Then, you know, I'm not stupid. I get what you're saying today, and we can correct it, and I won't ever do it again. But it was not done with any intention. As a matter of fact, I went to delay. I mean, I get this in the state court, and I get this stuff about the payment, and I want to make clear to the court there are issues out there, and these people have a right to raise these claims. And they say it's not true, but they sign settlement decrees all the time that over these exact same issues in every district in the nation that there is a problem, and they admit to them. But, yeah, every time we get a thing, they say, oh, we don't know what's going on. They know what's going on. It happens all the time in every case. And I think we pleaded enough, and if we didn't, it can be fixed if it's just procedural and not substantive. I think we have your case. Thank you, sir. We understand. And I do apologize, Judge, if I've offended you. Court will stand and recess under the usual order.